This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SONDRA C. WOLFE,**

Petitioner-Appellee,

v.                                             **NO. 34,425**

**DOUGLAS A. FERNANDEZ,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Joyce M. Genry
Albuquerque, NM

for Appellee

Medrano, Hess & Struck, P.C.
Bryan J. Hess
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}      Respondent has appealed from an award of attorney fees to Petitioner. We previously issued a notice of proposed summary disposition in which we proposed to

affirm. Respondent has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2}     We previously set forth the pertinent background information in the notice of proposed summary disposition. We will avoid unnecessary reiteration here. Instead, we will focus on the substantive material advanced in the memorandum in opposition.

{3}     Respondent continues to argue that the award of attorney fees to Petitioner was an abuse of discretion. [MIO 2-4] With respect to the relevant factors, Respondent first takes issue with the apparent disparity of incomes, suggesting that Petitioner was voluntarily unemployed. [MIO 2] However, the record reflects that Petitioner presented evidence that her health and outdated computer programming skills severely limit her ability to obtain employment. [RP 270-72] In light of these considerations, we reject Respondent's suggestion that income should have been imputed to Petitioner. *See Boutz v. Donaldson*, 1999-NMCA-131, ¶ 5, 128 N.M. 232, 991 P.2d 517 ("The imputation of income depends on the evidence and the sound exercise of judicial discretion."); *Jurado v. Jurado*, 1995-NMCA-014, ¶ 8, 119 N.M. 522, 892 P.2d 969 ("[W]e view the evidence in the light most favorable to the findings and judgment entered below . . . [t]his Court indulges in all reasonable inferences that can be drawn from the evidence in support of the judgment.").

**{4}** Second, Respondent continues to argue that Petitioner's conduct in the course of settlement was unreasonable. [MIO 3] However, as we previously observed, Respondent's only offer of settlement was less than half of Petitioner's ultimate entitlement; Petitioner's offers much more closely approximated that value. To the extent that Respondent takes issue with Petitioner's demands for a lump sum, [MIO 3] it is not clear that this was unreasonable. In any event, we note that the district court awarded only approximately a third of Petitioner's actual attorney fees. [RP 295-96, 308, 330] This adjustment may be reflective of Respondent's concerns. *See Jurado*, 1995-NMCA-014, ¶ 8 (explaining that a reviewing court will make all reasonable inferences from the evidence to support the judgment below).

**{5}** Third and finally, Respondent asserts that Petitioner did not prevail as to all of the principal issues. [MIO 3-4] Although Respondent may have obtained favorable rulings on tax deductibility, the termination of alimony upon Petitioner's death, and "recogni[tion of] all of his payment" toward the children's college expenses, [MIO 3] these matters may be regarded as less significant than the various issues upon which Petitioner prevailed, including her entitlement to additional college expenses and, most significantly, her entitlement to receive alimony. [RP 293, 284-85]

**{6}** On balance, we remain of the opinion that the pertinent factors weigh in favor of the award of attorney fees. We therefore perceive no abuse of discretion.

{7}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**TIMOTHY L. GARCIA, Judge**


_____

**J. MILES HANISEE, Judge**